UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SALLY ANN BECK and LINDA L. TUCKER, | Case No. 5:11-CV-00663-EJD |
| Plaintiffs, | **ORDER GRANTING WELLS FARGO'S MOTION TO DISMISS WITH LIMITED LEAVE TO AMEND** |
| v. | |
| WELLS FARGO BANK, NATIONAL ASSOCIATION and FEDERAL HOME MORTGAGE CORPORATION, | Re: Docket Item Nos. 16, 17 |
| Defendants. | |

Presently before the court is the motion of defendant Wells Fargo Bank, N.A. ("Wells Fargo") to dismiss the complaint for failure to state a claim upon which relief may be granted. Mot. Dismiss, Mar. 9, 2011, ECF No. 16. For the reasons set forth below, the motion is GRANTED.

**I. REQUEST FOR JUDICIAL NOTICE**

Wells Fargo makes an unopposed request for judicial notice of a number of documents related to Plaintiffs' claims. Req. Judicial Notice ISO Mot. Dismiss, Mar. 9, 2011, ECF No. 17. The court takes up this request first because it affects the record on the motion to dismiss.

As a general rule, a district court may not consider any material beyond the pleadings in ruling on a Fed. R. Civ. P. 12(b)(6) motion to dismiss for failure to state a claim. Lee v. City of Los

1

Case No.: 5:11-CV-00663-EJD
**ORDER GRANTING MOTION TO DISMISS**

Angeles, 250 F.3d 668, 688 (9th Cir. 2001). However, a court may take judicial notice of matters of public record, id. at 689, and of facts not subject to reasonable dispute that are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." See Fed. R. Evid. 201(b).

Wells Fargo requests judicial notice of ten documents recorded in the Santa Cruz County Recorder's Office: (1) a grant deed, recorded on February 11, 1998; (2) a deed of trust, recorded on June 27, 2000; (3) a deed of trust, recorded on August 23, 2001; (4) a deed of trust, recorded on May 17, 2002; (5) a deed of trust, recorded on November 19, 2002; (6) a deed of trust, recorded on April 28, 2003.; (7) a deed of trust, recorded on September 20, 2004; (8) a modification agreement, recorded on February 20, 2008; (9) a notice of default, recorded on August 27, 2010; and (10) a notice of trustee's sale, recorded on November 29, 2010. The Court concludes that document nos. 5, 9, and 10 are not subject to reasonable dispute and are proper subjects of judicial notice. See Lopez v. Wachovia Mortg., 3:10-CV-01645-WHA, 2010 WL 2836823, at *2 (N.D. Cal. July 19, 2010) (taking judicial notice of similar documents). Accordingly, the Court GRANTS Defendants' request for judicial notice as to those three documents, and declines to rule on the request as to the other seven.

## II. BACKGROUND

In November 2002, Plaintiffs refinanced their home in Watsonville, California by obtaining a new $320,000 mortgage through Wells Fargo. Compl. 3:1–2 & Ex. D. Due to economic hardship, Plaintiffs applied and were qualified for a loan modification in December 2009.[1] Id. 3:3–7 & Ex. F. The modification was never executed. Id. 3:7–14. Wells Fargo initiated the nonjudicial foreclosure process in 2010. RJN Exs. 9, 10; Opp. Mot. Dismiss 3–4, Sept. 2, 2011, ECF No. 35. Plaintiffs again applied and qualified for a loan modification in January 2011, but elected not to sign because they did not like the terms of the modification agreement they received. Id. 3:14–18.

Plaintiffs filed the instant action on February 14, 2011. They seek to quiet title to their home and other declaratory relief based on a variety of underlying causes of action. Compl. 21.

---

[1] The qualification process apparently involved a trial modification period. See Compl. 3:8–10.

2

Case No.: 5:11-CV-00663-EJD
**ORDER GRANTING MOTION TO DISMISS**

Wells Fargo moves to dismiss the complaint for failure to state a claim. At the September 2, 2011, hearing on the instant motion and without any objection, the court received Plaintiffs' late-filed opposition into the record.

### III. LEGAL STANDARD

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) examines whether the complaint sufficiently states a claim upon which relief may be granted. In considering such a motion, the court must accept as true all of the factual allegations contained in the complaint. Ashcroft v. Iqbal, 556 U.S. —, —, 129 S.Ct. 1937, 1949–50 (2009). However, the court need not "accept as true a legal conclusion couched as a factual allegation." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). To survive a motion to dismiss, a complaint "must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 570). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. at 1950.

If a court grants a motion to dismiss, leave to amend should be freely granted "unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv–Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000); Fed. R. Civ. P. 15(a). Where amendment to the complaint would be futile, the court may order dismissal with prejudice. Dumas v. Kipp, 90 F.3d 386, 393 (9th Cir. 1996).

### IV. DISCUSSION

Plaintiffs seek declaratory relief and to quiet title to their home based on alleged violations of the Truth in Lending Act (TILA), the Real Estate Settlement Procedures Act (RESPA), and the Fair Debt Collection Practices Act (FDCPA). Plaintiffs also allude to claims for fraud and breach of contract.

Under federal law, declaratory relief is a remedy, not an independent basis for federal jurisdiction. The Declaratory Judgment Act does not enlarge the jurisdiction of the federal courts. See 28 U.S.C. §§ 2201, 2202; Vaden v. Discover Bank, — U.S. —, 129 S. Ct. 1262, 1278 n.19 (2009); Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 671 (1950). A state law action for quiet title can give rise to federal jurisdiction if the action turns on the resolution of a necessary, substantial, and actually disputed issue of federal law. See Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg., 545 U.S. 308 (2005). A district court's jurisdiction to accord either remedy is coextensive with the court's jurisdiction over the underlying causes of action.

Declaratory relief claims import the statutes of limitations which apply to the underlying causes of action. See Algrant v. Evergreen Valley Nurseries Ltd. Parternship, 126 F.3d 178, 181–82 (3d Cir. 1997). Likewise, an action to quiet title brought under California law looks to the underlying theory of relief to establish the relevant statute of limitations. Ankoanda v. Walker-Smith, 44 Cal. App. 4th 610 (Cal. Ct. App. 1996).

The underlying claims are analyzed in turn.

**A. TILA**

Plaintiffs' TILA claims are based on alleged violations connected with the "original loan documents." Compl. 5:6–10. In particular, Plaintiffs contend that Defendants charged a Yield Spread Premium, a processing fee, and miscalculated the APR—all in violation of TILA. Id.

TILA's statute of limitations for recovery of monetary damages is one year, which begins to run from the date of the occurrence of the violation. Walsh v. Countrywide Home Loans, Inc., 2009 WL 2080469, at *3 n.1 (N.D. Cal. July 13, 2009) (citing 15 U.S.C. § 1640(e)). For TILA rescission claims the statutory period is three years, which begins to run upon consummation of the loan. Runaj v. Wells Fargo Bank, 667 F. Supp. 2d 1199, 1208–09 (S.D. Cal. Sept. 30, 2009); Betancourt v. Countrywide Home Loans, Inc., 344 F. Supp. 2d 1253, 1258 (D. Colo. 2004). Loan modifications and workout agreements do not trigger new TILA obligations, so they do not reset the statute of limitations clock. See Reg. Z, 12 C.F.R. § 226.20(a)(4); Official Staff Commentary § 226.20(a)(4)-1.

In this case, any violations of TILA connected to the original loan documents are time-barred. Plaintiffs obtained their mortgage loan on November 8, 2002. Compl. Ex. D; RJN Ex. 5. The 2009 trial modification had no effect on Plaintiffs' TIL rights. This action was filed on February 14, 2011, more than eight years later.

Plaintiffs argue that the statutory period should be equitably tolled. Compl. 7:20–8:9. Equitable tolling extends the statutory period where, "despite all due diligence, a plaintiff is unable to obtain vital information bearing on the existence of his claim." Santa Maria v. Pac. Bell, 202 F.3d 1170, 1178 (9th Cir. 2000). Plaintiffs allege that they were not aware of the violations until one of them took a course on mortgages in July 2010, which "[led] to the pursuit of further investigation." Compl. 7:20–8:2.

As an initial matter, TILA rescission rights are not subject to equitable tolling; the right to rescind is completely extinguished after three years. See Beach v. Ocwen Fed. Bank, 523 U.S. 410, 412 (1998). As to the cause of action for damages, Plaintiffs do not demonstrate that they were denied vital information bearing on the existence of their claim, nor do they establish that they acted with due diligence or excusable delay in bringing this action. To the contrary, the allegations of the complaint demonstrate that, despite having the loan documents in their possession, Plaintiffs failed to begin investigating any potential claims until more than seven years after the consummation of the loan. Compl. 8. Plaintiffs' allegations establish that equitable tolling would be inappropriate.

All relevant statutes of limitations have expired, and the circumstances do not call for equitable tolling. Plaintiffs' TILA claims are dismissed with prejudice.

**B. RESPA**

The complaint claims that Defendants violated RESPA, but does not identify exactly what behavior constituted the violation. Plaintiffs appear to base the RESPA claim on Defendants' alleged failure to respond to a Qualified Written Request.

In particular, Plaintiffs allege that Defendants failed to respond adequately to an alleged QWR by not producing the original promissory note before beginning the foreclosure process. Plaintiffs claim that the Defendants left the QWR "unrebutted," and that Defendants' failure to

5
Case No.: 5:11-CV-00663-EJD
**ORDER GRANTING MOTION TO DISMISS**

respond results in "a waiver and quit claim of all Defendant(s) claims/defenses/ rights or titles." Compl. 17.

The RESPA claim is deficient for a few reasons. First, RESPA does not give rise to the relief Plaintiffs seek; it raises no question affecting the parties' rights and duties with respect to the property at issue. Nor does RESPA does provide for injunctive relief or other equitable remedies. See Rivera v. BAC Home Loans Servicing, L.P., 2010 WL 2757041, at *4 (N.D. Cal. July 9, 2010). RESPA does allow for money damages for the conduct Plaintiffs attempt to allege (at 12 U.S.C. § 2605(e)–(f)), but the complaint does not state a claim in any event: it fails to specify any actual damages incurred as a result of Wells Fargo's alleged failure to respond, nor does it allege the "pattern or practice" required to give rise to statutory penalties. See Beall v. Quality Loan Service Corp., Case No. 10-CV-1900 (AJB)(WVG), 2011 WL 2784594 at *4–5 (S.D. Cal. July 15, 2011).

Plaintiffs must do more than plead the conclusion that they were damaged to state a claim. Singh v. Washington Mut. Bank, 2009 WL 2588885, at *5 (N.D. Cal. Aug. 19, 2009) (dismissing RESPA claim because "plaintiffs have failed to allege any facts in support of their conclusory allegation that '[a]s a result' of defendants' failure to respond, defendants 'are liable for actual damages, costs, and attorney fees'"). Rather, Plaintiffs must plead facts demonstrating how they were damaged by the violation. See Jones v. Select Portfolio Servicing, Inc., 2008 WL 1820935, at *9-10 (E.D. Pa. Apr. 22, 2008). The complaint makes no allegations of damages nor does it contain any facts demonstrating what and how Plaintiffs suffered as a result of an alleged RESPA violation.

Furthermore, RESPA applies only to the servicers of federally related mortgage loans, and it is unclear from the complaint whether Wells Fargo is the servicer of Plaintiffs' loan. Any amended complaint should address this ambiguity.

Plaintiffs' RESPA claims are dismissed without prejudice.

**C.  FDCPA**

The complaint mentions the FDCPA in passing as a source of law underpinning the causes of action, Compl. 18:26–27, 20:23, but Plaintiffs do not state a claim against Wells Fargo under the

6

Case No.: 5:11-CV-00663-EJD
**ORDER GRANTING MOTION TO DISMISS**

1   Act. There is no explanation of how Wells Fargo violated the Act, so any right to relief is

2   speculative at best. Rule 8 requires a complaint to plead facts supporting a plaintiff's right to relief

3   more specifically. See generally Ashcroft v. Iqbal, 556 U.S. —, 129 S.Ct. 1937 (2009); Bell

4   Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).

5       Moreover, it does not appear that the FDCPA applies to Wells Fargo in connection with

6   Plaintiffs' mortgage, since the Act only applies to entities that collect debts on behalf of someone

7   else. See 15 U.S.C. § 1692a(6). From the facts alleged in the complaint, it appears that Wells Fargo

8   is the lender for Plaintiffs' mortgage, so the FDCPA would not apply to Wells Fargo's efforts to

9   collect its own debt.

10       Plaintiffs' FDCPA claims against Wells Fargo are therefore dismissed with prejudice.

11   **D. "PRODUCE THE NOTE" THEORY**

12       Plaintiffs also appear to contend that Defendants may not proceed with foreclosure because

13   Defendants have neither shown that they possess the original note nor produced it to Plaintiffs.

14   Compl. 17, 19–20. While it is not clear how this contention fits into Plaintiffs' theory of the case, a

15   lender is not required to produce the note in order to pursue nonjudicial foreclosure proceedings

16   under California law. See Nguyen v. Wells Fargo Bank, N.A., 749 F. Supp. 2d 1022, 1035 (N.D.

17   Cal. Oct. 27, 2010). Accordingly, Plaintiffs' contention that they are entitled to relief based on

18   Defendants' failure to produce the original note is incorrect as a matter of law.

19   **E.  OTHER STATE LAW CLAIMS**

20       The jurisdiction of federal courts is limited to cases involving federal questions or between

21   parties that are citizens of different states. Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S.

22   446 (2005). A district court may decline to exercise supplemental jurisdiction over related state law

23   claims if all of the claims over which it has original jurisdiction have been dismissed. 28 U.S.C.

24   § 1367(c)(3).

25       The complaint makes passing references to causes of action for fraud and breach of

26   contract, Compl. 4:3–5, both of which are state law claims. Because Plaintiffs' federal claims have

27   been dismissed, the court declines to exercise supplemental jurisdiction over the state law causes of

28   action at this time.

## V. CONCLUSION

All federal claims underlying Plaintiffs' theories of relief have been dismissed. Since it is not yet clear whether Plaintiff has any federal claims against the defendants, the Court declines supplemental jurisdiction over the causes of action that arise out of California law at this time.

## VI. ORDER

Good cause therefor appearing, IT IS HEREBY ORDERED that Plaintiffs' TILA claims are DISMISSED WITH PREJUDICE; that Plaintiffs' RESPA claims are DISMISSED WITH LEAVE TO AMEND; and that Plaintiffs' FDCPA claims are DISMISSED WITH PREJUDICE as to Wells Fargo, and DISMISSED WITHOUT PREJUDICE as to all other defendants. The court declines to exercise its supplemental jurisdiction over the state law claims at this time. Plaintiffs shall amend their complaint within twenty-one (21) days or face dismissal of the action in its entirety.

**IT IS SO ORDERED.**

Dated: December 14, 2011

_____
EDWARD J. DAVILA
United States District Judge