United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SALLY ANN BECK and LINDA L. TUCKER,<br><br>Plaintiffs,<br>v.<br><br>WELLS FARGO BANK N.A. and FEDERAL HOME MORTGAGE CORPORATION,<br><br>Defendants. | CASE NO. 5:11-CV-00663-EJD<br><br>**ORDER TO SHOW CAUSE RE SUBJECT MATTER JURISDICTION AND DISMISSAL** |

    In November 2002, Plaintiffs refinanced their home in Watsonville, California by obtaining a new $320,000 mortgage through Wells Fargo. Original Compl. 3:1–2 & Ex. D. Plaintiffs eventually defaulted, and Wells Fargo initiated a nonjudicial foreclosure in 2010. RJN Exs. 9, 10; Opp. Mot. Dismiss 3–4, Sept. 2, 2011, ECF No. 35.

    Plaintiffs filed this action on February 14, 2011, alleging a variety of violations that they claim should bar any foreclosure from going forward. The initial complaint named two causes of action: one for "Declaratory Relief Based on TILA [Truth in Lending Act] Violations/Rescission" and one to "Quiet Title". The declaratory relief cause of action also attempted to establish violations of the Real Estate Settlement Procedures Act (RESPA) and the Fair Debt Collection Practices Act (FDCPA). On March 9, 2011, Wells Fargo moved to dismiss the complaint for failure to state a claim. On December 14, 2011, the court granted Wells Fargo's motion in part, dismissing the TILA

claims with prejudice and the RESPA claims with leave to amend. The court expressly declined to exercise supplemental jurisdiction over any claim arising out of California law at that time.

On January 3, 2012, Plaintiffs filed an amended complaint which abandoned all the original claims and raising six new causes of action under state law instead. Defendants, presumably wishing to have the case resolved as soon as possible, have filed a motion to dismiss the amended complaint on Rule 12(b)(6) grounds without raising the question of jurisdiction. Parties cannot waive defects in subject matter jurisdiction, however, so the court visits the issue on its own.

Generally speaking, federal district courts have jurisdiction over two categories of cases: those presenting a question of federal law and those between parties of diverse citizenship. 28 U.S.C. §§ 1331, 1332. The first category encompasses all civil actions "arising under the Constitution, laws, or treaties of the Untied States." § 1331. The second category includes those actions in which the amount in controversy exceeds $75,000 and in which all plaintiffs are citizens of different states than all defendants. § 1332(a)(1). The burden of establishing subject matter jurisdiction lies with the party asserting it. Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994).

A district court has supplemental jurisdiction over all claims which form part of the same case or controversy as any claim over which it has original jurisdiction. 28 U.S.C. § 1367(a). Most frequently, supplemental jurisdiction is exercised over state law claims that arise out of a transaction which also gives rise to a federal claim. The court is not necessarily divested of its supplemental jurisdiction over the state law claims even once all of the related federal claims have been dismissed; rather, retention of the state claims is left to the court's discretion. 28 U.S.C. § 1367(c); see Acri v. Varian Assocs., Inc., 114 F.3d 999 (9th Cir. 1997). But when a plaintiff on her own initiative amends the complaint to abandon the federal claims which formed the basis of the court's jurisdiction, supplemental jurisdiction is extinguished. See Rockwell Int'l Corp. v. U.S., 549 U.S. 457, 473–474 (2007) ("[W]hen a plaintiff files a complaint in federal court and then voluntarily amends the complaint, courts look to the amended complaint to determine jurisdiction."); 13D Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3567.3 & nn.91–92 (3d ed. 2008).

Plaintiffs brought this case in federal court, so it is their responsibility to establish that subject matter jurisdiction exists. This court had federal question jurisdiction over the original complaint pursuant to 28 U.S.C. § 1331 because it raised causes of action under TILA and RESPA. The court dismissed all of the federal claims from the original complaint—the RESPA claims with leave to amend and the TILA claims without leave to amend. The amended complaint abandons the federal claims and relies entirely on new theories of recovery.

The new claims are outside the scope of the amendments permitted by the court's order. The order allowed only for amendments to Plaintiffs' RESPA claim and to any FDCPA claim against Federal Home Mortgage Corporation. That the scope of permitted amendments to the complaint was restricted was made clear in the order's title: "Order Granting Wells Fargo's Motion to Dismiss with Limited Leave to Amend." The First Amended Complaint drops the federal claims altogether and adds six state law claims without leave of court. The court is inclined to dismiss the state law claims with prejudice as to their refiling in this case but without prejudice as to their refiling in state court or in another case.

Even if the new claims were permitted to go forward, the posture of this case makes it difficult to say whether the amended complaint ousts any basis for jurisdiction, as suggested by Rockwell Int'l Corp. and as explicitly held in Wellness Community–National v. Wellness House, 70 F.3d 46 (7th Cir. 1995).[1] But resolving this jurisdictional issue is unnecessary: even assuming the court has the authority to retain jurisdiction over the state law claims, this would not be an appropriate case for it to exercise its discretion to do so. First, as a procedural matter, the court has already decided the issue: the order granting Wells Fargo's first motion to dismiss stated, "The court declines to exercise its supplemental jurisdiction over the state law claims at this time." Order at 8, ECF No. 39. Second, even if the court had initially exercised jurisdiction over the state law claims, it would still relinquish jurisdiction at this stage. The federal claims were dismissed early enough in the case that the few resources expended in federal court do not outweigh the comity concerns of

---

[1] Wellness Community–Nat'l might be distinguished on the grounds that in that case the Plaintiff affirmatively and voluntarily made a Rule 15 motion for leave to amend, whereas the amendment in this case was in response to an order dismissing claims with leave to amend.

3
CASE NO. 5:11-CV-00663-EJD
ORDER TO SHOW CAUSE RE SUBJECT MATTER JURISDICTION AND DISMISSAL

having purely state law issues decided in state court. See Carnegie-Mellon University v. Cohill, 484 U.S. 343, 350 n.7 (1988); Reynolds v. County of San Diego, 84 F.3d 1162, 1171 (9th Cir. 1996).

Even so, "an action should not be dismissed for lack of jurisdiction without giving the plaintiff an opportunity to be heard unless it is clear the deficiency cannot be overcome by amendment." May Dept. Store v. Graphic Process Co., 637 F.2d 1211, 1216 (9th Cir. 1980). This principle is especially motivating when the plaintiff is proceeding pro se. Here, it is possible that a separate basis for jurisdiction might exist—for example, under 28 U.S.C. § 1332.

It must be made clear that if this case is dismissed for lack of jurisdiction, the dismissal will necessarily be without prejudice: Plaintiffs would be free to refile the same complaint in state court, and that court will adjudicate the merits of the case.

Plaintiffs are hereby ORDERED TO SHOW CAUSE within 21 days why this action should not be dismissed for lack of subject matter jurisdiction. Plaintiffs may respond to this Order in one of several ways:

(1) By filing a response to this Order to Show Cause explaining why the above doubts about the propriety of Plaintiffs' amendment and the court's jurisdiction over this case are unfounded.

(2) By filing a motion for leave to file a Second Amended Complaint. Any such motion must be accompanied by the proposed Second Amended Complaint, in which a basis for this court's jurisdiction must be clearly alleged.

(3) By doing nothing. If no response is filed, the court will dismiss the action for lack of subject matter jurisdiction. The dismissal will be without prejudice to refiling the case in state court.

Defendants' Motion to Dismiss the First Amended Complaint remains under submission pending resolution of this Order to Show Cause.

**IT IS SO ORDERED.**

Dated: June 6, 2012

EDWARD J. DAVILA
United States District Judge